**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUADALUPE ORTIZ DIAZ; PAULINA MONSERRAT RUIZ ORTIZ, <br><br> Petitioners, <br><br> v. <br><br> JEFFREY A. ROSEN, Acting Attorney General, <br><br> Respondent. | No.   19-71497 <br><br> Agency Nos.   A208-307-383 <br> A208-307-384 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2020**
Seattle, Washington

Before:  McKEOWN, HUNSAKER, and BUMATAY, Circuit Judges.

Guadalupe Ortiz Diaz and her minor daughter Paulina Ruiz Ortiz, natives of

Mexico, petition for review of the denial of their applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

(CAT). We review factual findings under the substantial evidence standard, and such findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Constitutional and legal challenges are reviewed de novo. *Arbid v. Holder*, 700 F.3d 379, 385 n.3 (9th Cir. 2012) (per curiam). We deny the petition.

1.      Substantial evidence supports the Board of Immigration Appeals' (BIA) conclusion that Petitioners failed to show a well-founded fear of persecution.[1] *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 208.13. Petitioners failed to show anything more than a speculative risk of future persecution. As to her ex-boyfriend, the record shows that he threatened Ortiz Diaz on only one occasion, after their separation, when he said that she would "be responsible for the consequences" of not letting him see their daughter and that he would "show [or throw] [her] with one of [his cartel] bosses" unless she complied. However, the ex-boyfriend never acted upon this threat. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) ("[U]nfulfilled threats . . . constitute harassment rather than persecution.").

---

[1] Because Petitioners failed to address past persecution, their claims on appeal rise or fall with their ability to show error with respect to the BIA's future persecution determination. *See* Fed. R. App. P. 28(a)(8); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

Nor have Petitioners shown a likelihood of persecution by either Ortiz Diaz's ex-boyfriend's cartel or its rival. Ortiz Diaz's ex-boyfriend was able to leave his cartel for several months without being harmed and he willingly returned. Thus, there's no reason to think that Petitioners are in jeopardy if he decides to leave the cartel again, especially since Ortiz Diaz and her ex-boyfriend have been broken up for ten years now. Further, although the ex-boyfriend was kidnapped by a rival cartel, he was released after paying a ransom and there's no reason to think the kidnappers would be interested in Ortiz Diaz. Additionally, Petitioners remained in Mexico for more than four years after Ortiz Diaz separated from her ex-boyfriend without suffering harm, and her family has been in Mexico without being harmed (except for a couple of incidents of random gang violence). As a result, substantial evidence supports the BIA's conclusion that any threat posed by the cartels was too speculative to support Petitioners' asylum claim. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir. 2005) (holding that claims that are "too speculative" do not warrant asylum).[2] Finally, to the extent that Petitioners

---

[2] Ortiz Diaz argues that the IJ failed to consider all of her proffered particular social groups and that the BIA should have considered her proposed group of "women" generally. As an initial matter, because Ortiz Diaz failed to raise "women" as a proposed social group before the IJ, the BIA was permitted to conclude, as it did, that the claim was procedurally defaulted. Even so, as the BIA recognized, the issue with Ortiz Diaz's claim was not the protected ground element. The IJ *assumed* that Ortiz Diaz was part of a cognizable particular social group but denied her claim based on the failure to establish a likelihood of future

relied on country conditions evidence showing generalized violence and crime in Mexico, this is also insufficient. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) ("Mere generalized lawlessness and violence . . . generally is not sufficient to permit the Attorney General to grant asylum to everyone who wishes to improve his or her life by moving to the United States without an immigration visa.").[3]

2.     As a result of Petitioners' failure to meet their burden for asylum, they "necessarily fail[] to satisfy the more stringent standard for withholding of removal." *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004); *see Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) ("To establish eligibility for withholding of removal in the absence of past persecution, an applicant must demonstrate both that he has a subjective fear of persecution in the future, and that this fear is objectively reasonable[.]").

3.     Substantial evidence supports the BIA's denial of Petitioners' CAT claims. "Torture is an extreme form of cruel and inhuman treatment," 8 C.F.R.

---

persecution. For the same reason, it is immaterial whether Ortiz Diaz could establish the requisite "political opinion."

[3] Even if Petitioners had demonstrated a well-founded fear of future persecution, they have failed to show that such risk could not have been ameliorated by relocation. *See* 8 C.F.R. § 208.13(b)(2)(ii); 8 CFR § 1208.16(b)(2). As the BIA noted, Petitioners had not made the requisite showing, because they had not "shown that the threat of persecution exists countrywide." Additionally, the cartel that Petitioners are primarily afraid of is considered a "regional" cartel by United States Government assessments. Thus, substantial evidence supports the BIA's conclusion that Petitioners could have relocated within Mexico. On appeal, Petitioners have failed to suggest otherwise.

§ 208.18(a)(2), and the record shows that the BIA did not err in concluding that Petitioners failed to meet this standard. Ortiz Diaz tries to support her CAT claim with evidence of generalized violence in her hometown of Nueva Italia, such as armed robberies of businesses; the robbery and murder of a nephew at his food stand by "unknown people"; and the murder of her employer's brother. But Ortiz Diaz fails to explain why *she* is likely to suffer a similar fate as any of these individuals if returned to Mexico. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) ("[T]he petitioner must demonstrate that he would be subject to a '*particularized threat* of torture.'") (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."). And while Ortiz Diaz did present evidence that another cartel member's ex-girlfriend was tortured and killed after she broke up with him, Ortiz Diaz successfully broke up with her boyfriend and remained in Neuva Italia for over four years without being harmed. Ortiz Diaz also remains in friendly contact with her ex-boyfriend's family. On this record, we cannot say that a reasonable adjudicator would have reached a contrary decision.[4]

---

[4] Petitioners also argue that the BIA and IJ failed to evaluate the "cumulative" risk of torture or persecution that Petitioners would face if returned to Mexico. We

4. Lastly, Ortiz Diaz argues that the IJ failed to properly consider her minor daughter's application for relief because it was not separately discussed by the IJ. We disagree. As the BIA recognized, the IJ's decision considered the separate application, but there simply wasn't any evidence particular to Ortiz Diaz's daughter that warranted separate discussion. The fact that the IJ repeatedly references "respondents" and "applications"—plural—when describing what he is considering and denying, confirms that both Ortiz Diaz's and her daughter's applications were considered by the IJ.

Accordingly, the petition for review is **DENIED**.

---

disagree. The BIA and IJ considered all of Ortiz Diaz's evidence of potential torture and persecution, but simply found it too generalized to support relief.